Copy mailed by chambers on 12-5-22 DH

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                  :
                                          :    ORDER
v.                                        :
                                          :    20 CR 98-1 (VB)
MATTHEW RANGLIN,                          :
                    Defendant.            :
--------------------------------------------------------------x
```

By motion dated October 13, 2022, defendant Matthew Ranglin seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Ranglin claims he is needed at home to care for his diabetic mother and has been a model prisoner who has turned his life around while in custody. The government opposes the motion, both on the merits and because Ranglin failed to exhaust his administrative rights.

For the reasons set forth below, the motion is DENIED.

On September 11, 2020, Ranglin pleaded guilty to having participated in a conspiracy to commit Hobbs Act robbery and substantive Hobbs Act robbery, arising out of the gunpoint robbery of a marijuana dealer ("Victim-1") Ranglin had lured to his home.[1] When Victim-1 pulled up in his car, Ranglin and his co-conspirator, Matthew Coke, pulled out guns and demanded all of Victim 1's marijuana. Coke pistol-whipped a passenger in the car and stole marijuana worth about $3,500 from the vehicle. A struggle ensued between Ranglin and Victim-1, during which Ranglin shot Victim-1 in the hand. Victim-1 managed to drive away, and Ranglin and Coke fired their weapons at the car as it fled the scene.

Ranglin's sentencing range under the Sentencing Guidelines was 130-162 months' imprisonment, which, among other things, reflected that Ranglin had 13 criminal history points, placing him in Criminal History Category VI. Ranglin, who was 24 at the time of the offense, had six prior convictions, one of which was for felony criminal possession of a weapon, and had served five prior jail sentences. He also committed the instant offense while on parole.[2]

On April 14, 2021, after considering all the statutory factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Ranglin to 72 months' imprisonment, 12 months more than his slightly less culpable co-defendant, Coke, who also had a less serious criminal record. The Court relied on the violent and dangerous nature of the pre-planned armed robbery and Ranglin's serious criminal history, but also took into consideration, among other things, his exemplary conduct while in pretrial custody, his sincere remorse, and the strong support of his family. The Court found that under all the relevant circumstances 72 months' imprisonment was sufficient

---

[1] A third count, based on the discharge of a firearm during the robbery, was dismissed in consideration of Ranglin's guilty plea to the Hobbs Act robbery counts.

[2] The parties had stipulated to a sentencing range of 120-150 months based on an incorrect calculation of Ranglin's criminal history category.

but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and avoid an unwarranted sentencing disparity with the sentence imposed on his co-defendant.

To date, Ranglin has served approximately 37 months of his 72-month sentence, or slightly more than half the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In addition, the statute requires that a defendant first fully exhaust his administrative rights to appeal a failure of the Bureau of Prisons to bring such a motion on the defendant's behalf.

With respect to the exhaustion requirement, the government has pointed out that although Ranglin made a request to the warden of his facility to bring a motion for reduction of sentence on his behalf, Ranglin did not appeal the denial of that application. In his reply to the government's opposition, Ranglin contends he followed the prison's instructions as to how to make such a request, but he does not claim to have appealed the denial of that request. Thus, Ranglin failed to fully exhaust his administrative rights, and the instant motion can be denied on that basis alone. Having said that, the Court will address the merits of the motion so as to avoid the need for Ranglin to re-file his motion, and because the Court concludes the motion must be denied on the merits in any event.

As to the merits, the Court is sympathetic to Ranglin's desire to care for his mother, and congratulates Ranglin on the rehabilitative progress he has made in prison and the concrete plans he has for his future. But, as noted above, a sentence can be reduced after it has been imposed <u>only</u> if extraordinary and compelling reasons warrant such a reduction. The Court is not persuaded that Ranglin has established any such reasons in this case.

First, Ranglin has not demonstrated that his 63-year-old mother requires round-the-clock home health care. Indeed, Ranglin included with his motion a letter from his mother's doctor dated September 28, 2022, indicating she had seen the doctor that day and is under the doctor's care. The letter does say that Ranglin's mother needs someone to help her with meals, check her blood sugar, and inject insulin, but there is no indication she is entirely unable to care for herself. Moreover, Ranglin's retired father lives with his mother, and there is no indication he is unable to help care for his wife. And Ranglin has a younger sister who, according to Ranglin, is a college student living away from home. But Ranglin does not claim his sister is unwilling or unable to assist her mother and father if necessary.

In addition, being a model prisoner is not extraordinary; it is ordinary and expected of every prisoner. Likewise, Ranglin's future goals are laudable, including continuing with his professional boxing career and education, and creating generational wealth. But it is clear to the Court that Ranglin is seeking an early termination of his prison sentence not just to help care for his mother but also to get on with his life. There is nothing wrong with wanting to get on with one's life, but every person serving a prison sentence presumably has the same desire, which is

why that desire is not an extraordinary or compelling reason warranting a reduction in sentence. If it was, then every prisoner would be eligible for early release.

Finally, as required by Section 3582(c)(1)(A), the Court has considered the Section 3553(a) factors "to the extent that they are applicable." The serious nature of the offense—the pre-planned gunpoint robbery of a marijuana dealer in which Ranglin shot the victim and then continued firing as the victim sped off in his car—as well as Ranglin's extensive criminal history, clearly warranted the 72-month sentence at the time it was imposed. The sentence was designed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and avoid an unwarranted sentencing disparity with the sentence imposed on his co-defendant. These factors all weigh strongly against Ranglin's early release from prison, especially considering the seriousness of his offense and the fact that he has served only about half of the sentence imposed.

Accordingly, the motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following addresses:

Matthew Ranglin, Reg. No. 87456-054
FCI Terre Haute
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN  47808

Dated: December 5, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge